**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LEE GIVENS, | No. 17-55433 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02877-GPC-PCL |
| v. | |
| A. MILLER, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Robert Lee Givens, a California state prisoner, appeals pro se from the

district court's judgment in his action alleging federal claims arising from repeated

disciplinary violations for failing to provide urine samples. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Mahoney v. Sessions*, 871 F.3d 873,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

877 (9th Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(2)). We may affirm on any basis supported by the record. *Mahoney*, 871 F.3d at 877. We affirm.

Dismissal of Givens's Fourteenth Amendment due process claim was proper because Givens failed to allege facts sufficient to show that defendants did not afford him all of the process that he was due. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings).

Dismissal of Givens's Eighth Amendment claim was proper because Givens failed to allege facts sufficient to show that defendants deprived him of the "minimal civilized measure of life's necessities." *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc) (citation and internal quotation marks omitted); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (explaining that the Eighth Amendment requires the prison to "furnish[] sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety"), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court properly concluded that Givens's requested injunctive

relief under the Americans with Disabilities Act ("ADA") was moot because Givens was transferred to another prison and Givens did not allege a "system wide" policy upon which any defendant was capable of providing relief. *See Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015) (explaining when a prisoner's claims for injunctive relief relating to prison conditions are rendered moot by his transfer to another facility).

The district court did not abuse its discretion in denying Givens's motion to amend his complaint because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court acts within its discretion to deny leave to amend a complaint if amendment would be futile).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Givens's motion to dismiss defendants Sidhu, sued as "Jhon Doe," Pimentel, Hodges, Hemenway, Briggs (Docket Entry No. 27) is granted.

Givens's motion to appoint pro bono counsel (Docket Entry No. 22) is denied.

**AFFIRMED.**

17-55433